UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN T. MILLER,<br><br>    Petitioner,<br><br> v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | Case No. C05-5046RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for February 25, 2005 |

  This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at Washington State Reformatory. He has filed copies of both a state personal restraint petition and a motion for discretionary review of the denial of his personal restraint petition, and an application to proceed *in forma pauperis*. (Dkt. #1). The court assumes for purposes of reviewing his *in forma pauperis* application, however, that petitioner's intent was to file a petition for writ for *habeas corpus* with this court under 42 U.S.C. § 2254.

  Because petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the court deny the application.

## DISCUSSION

  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963),

REPORT AND RECOMMENDATION
Page - 1

1 *cert. denied*, 375 U.S. 845 (1963).

2  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a
3 prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586
4 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v.
5 Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973),
6 *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

7  By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur
8 the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for
9 *habeas corpus*. Petitioner's six-month prison trust account statement indicates that he has average
10 monthly receipts of $93.33 and an average spendable balance of $23.48. Given the fact that a prisoner's
11 basic needs are provided for while incarcerated and the minimal filing fee required to proceed with this
12 action ($5.00), it is not unreasonable to expect petitioner to pay that fee from the funds he apparently has
13 available to him in his prison trust account.

14  In addition, as discussed above, with his application to proceed *in forma pauperis*, petitioner filed a
15 copy of a state personal restraint petition addressed to the Washington State Court of Appeals, Division II,
16 and a motion for discretionary review of the denial of his personal restraint petition addressed to the
17 Washington State Supreme Court, but did not file an actual petition for writ of *habeas corpus* under 42
18 U.S.C. § 2254. Accordingly, in addition to paying the court filing fee, the court should order petitioner to
19 file a proper petition for writ of federal *habeas corpus* with the court.

20 CONCLUSION

21  Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the
22 undersigned recommends that the court deny his application to proceed *in forma pauperis*. In addition,
23 petitioner has not filed a proper petition for writ of federal *habeas corpus*. Accordingly, the undersigned
24 also recommends that the court order petitioner to pay the required filing fee and file a proper federal
25 *habeas corpus* petition **within thirty (30) days** of the court's order.

26  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
27 the parties shall have ten (10) days from service of this Report and Recommendation to file written
28 objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION
Page - 2

1  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **February 25,**
3  **2005**, as noted in the caption.
4     Dated this 31st day of January, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge